IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ISAAC JONATHAN FLORES AND JAIME DAVID DIAZ AVELA<br>        *Petitioners*,<br>   v.<br><br>KRISTI NOEM, *et al.*,<br>        *Respondents*. | 1:25-cv-1933-MSN-WBP |

ORDER

Isaac Jonathan Flores and Jaime David Diaz Avelar ("Petitioners") have filed a three-count Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which they assert that they have been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE"). ECF 1. Specifically, Petitioners allege that their characterization by DHS as "applicant for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting them to mandatory detention under 8 U.S.C. § 1225(b)(2), violates their statutory right to a bond hearing before an immigration judge ("IJ") (Count II) and their due process rights (Count III).[1]

Petitioners are currently detained at the Caroline Detention Center, in Bowling Green, Virginia. Petition ¶¶ 37, 44. They have sued Kristi Noem, the DHS secretary; Todd Lyons, the acting director of ICE; Jospeh Simon, the Washington Field Office Director for ICE; and Pamela Bondi, the Attorney General (collectively, "Federal Respondents"). Petition at 1. They have also sued Paul Perry, the warden of the Caroline Detention Center. *Id*. Federal Respondents have

---

[1] Petitioners also seek a declaratory judgment that they are not applicants for admission "seeking admission" or an "arriving alien" subject to mandatory detention and that they may only be detained, if at all, under Section 1226(a). Petition ¶¶ 48, 49.

opposed the Petition. ECF 4. For the reasons that follow, the Court will grant the Petition as to Count III.[2]

## I. BACKGROUND

Petitioner Flores is a native and citizen of El Salvador. Petition ¶ 34. In 2005, he crossed from Mexico into the United States at the southern border and was not encountered by government agents at that time. *Id.*[3] On September 23, 2025, ICE Enforcement and Removal Operations ("ERO") agents encountered Flores during a traffic stop and arrested him after determining he had no legal status in the United States. ECF 4-1 ¶ 9. Flores was taken to the Caroline Detention Center, in Bowling Green, Virginia. *Id*. On September 23, 2025, Flores moved the San Antonio Immigration Court to reopen his removal proceedings, which an immigration judge granted on October 15, 2025 *Id*. ¶ 10.  Flores has not moved for custody redetermination, *Id*. ¶ 12, but contends that all Federal Respondents considered him detained pursuant to 8 U.S.C. § 1225(b)(2), citing the BIA's decision in *Matter of Yajure-Hurtado*, 29 I&N Dec. 216 (BIA 2025), such that it would be futile to exhaust administrative remedies. Petition ¶ 40.

Petitioner Avelar is a native and citizen of Honduras. *Id*. ¶ 41. In 2009, he crossed from Mexico into the United States at the southern border and was not encountered by government agents at that time. *Id*. On October 19, 2025, ERO officers encountered Avelar during a traffic stop and arrested him after determining he had no legal status in the United States. ECF 4-1 ¶ 16. Flores was taken to the Caroline Detention Center in Bowling Green, Virginia. *Id* On October 20, 2025, Avelar was issued an NTA charging him with being inadmissible to the United States and

---

[2]     Because the Court grants the Petition as to Count III it need not address Petitioners' other claims.

[3]     Federal Respondents have submitted a declaration indicating that Flores was issued a notice to appear ("NTA") charging him with being inadmissible to the United States and removable under 8 U.S.C. § 1182(a)(6)(A)(i) shortly after he entered the United States, but he did not appear for his hearing scheduled before the San Antonio, Texas Immigration Court on September 22, 2005 and was ordered removed in his absence. ECF 4-1 ¶ 8.

removable under 8 U.S.C. § 1182(a)(6)(A)(i) and § 1182(a)(7)(A)(i)(I). *Id.* ¶ 17. Avelar has not moved for custody redetermination, *Id.* ¶ 19, but contends that all Federal Respondents considered him detained pursuant to 8 U.S.C. § 1225(b)(2), citing the BIA's decision in *Matter of Yajure-Hurtado*, 29 I&N Dec. 216 (BIA 2025), such that it would be futile to exhaust administrative remedies. Petition ¶ 47.

## II.     ANALYSIS

The central question posed in the Petition is whether Petitioners are subject to mandatory detention under 8 U.S.C. § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under 8 U.S.C. § 1226(a). Petitioners contends that their detention should be governed by § 1226(a) and that their current detention without bond pursuant to § 1225(b)(2) violates their right to due process. Federal Respondents "recognize that this Court and other jurists of this Court recently rejected Federal Respondents' arguments" to the contrary. ECF 4 at 1; *see also, e.g.*, *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800 (E.D. Va. Sept. 30, 2025); *Luna Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799 (E.D. Va. Sept. 29, 2025). Nevertheless, they raise these same arguments "to preserve them for appeal." *Id.* at 2.

At bottom, Federal Respondents' argument is that anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a)'s discretionary detention provisions apply only to those who have been given legal status and subsequently placed into removal proceedings. *Id.* at 5–14. They therefore argue that because Petitioners are present in the United States but has not been legally "admitted," they should be considered applicants for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). *Id.*

3

Federal Respondents' argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as several district courts throughout the country have found,[4] is contrary to DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. *See, e.g.*, *Hasan v. Crawford*, No. 1:25-cv-1408, 2025 WL 2682255, at *8–9 (E.D. VA. Sept. 19, 2025); *Romero v. Hyde*, No. 25-cv-11631, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have [an] extremely limited (if any) application." *Lopez Benitez v. Francis*, No. 25-cv-5937, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025) (footnote omitted). This Court has previously addressed several of these points in *Quispe-Ardiles*, 2025 WL 2783800, and adopts and incorporates that reasoning into this Order. *See also, e.g.*, *Flores Pineda v. Simon*, No. 1:25-cv-01616-AJT-WEF, 2025 WL 2980729, at *2 nn.2 & 3 (E.D. Va. Oct. 21, 2025) (providing additional explanation for why § 1225(b)(2) does not apply).

Because Petitioners have been present in the United States for twenty and sixteen years respectively, and because § 1226(a) sets forth "the default rule" for detaining and removing aliens "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), their detention is governed by § 1226(a). And under § 1226(a) and its implementing regulations, they are entitled to a bond hearing before an IJ in which the IJ must determine whether they pose a danger to the community or a risk of flight. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless

---

[4] *See Luna Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799, at *6 & n.9 (E.D. Va. Sept. 29, 2025) (collecting cases).

the IJ makes such a determination, Petitioners' continued detention is unlawful and, for many of the reasons stated in *Quispe-Ardiles*, 2025 WL 2783800, at *9–10, violates their right to due process.

### III.   CONCLUSION

For all the reasons stated above, the Petition (ECF 1) is GRANTED, and it is hereby

ORDERED that for each Petitioner, Federal Respondents shall hold a standard bond hearing in front of an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within seven days of that motion; and it is further

ORDERED that Federal Respondents are ENJOINED from denying bond to Petitioners on the basis that they are detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

ORDERED that Federal Respondents file a status report with this Court within 3 days of each bond hearing, stating whether the applicable Petitioner has been granted bond, and, if his request for bond is denied, the reasons for that denial.

The Clerk is directed to enter judgment in Petitioners' favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

/s/
Michael S. Nachmanoff
United States District Judge

November 12, 2025
Alexandria, Virginia